IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIRO REYES,

    Plaintiff,

    vs.                          No. CIV. S-10-1776 JAM GGH PS

CITY OF STOCKTON, et al.,

    Defendants.        ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
13 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged." Id.

17 Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519,
18 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
19 Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se
20 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
21 dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22 Plaintiff claims that Stockton police officers pulled him over and took him to jail
23 for a brake light violation. In jail, he claims he was "tortured, humiliated, embarrassed, violated
24 as a disabled person and abused as an elderly person, denied proper medical attention in violation
25 of [his] civil and constitutional rights and left for dead in a jail cell that was cold and not
26 equipped for a disabled person." (Compl. at 4.) He specifically alleges that defendants deprived

him of liberty without due process. The claims presented are for violation of the Americans with Disabilities Act, intentional infliction of emotional distress, defamation, and false imprisonment. Plaintiff seeks compensatory and punitive damages.

Plaintiff has not stated a colorable constitutional claim for relief under 42 U.S.C. § 1983 against Officers Brown and Otten. Plaintiff has not stated a cognizable claim under § 1983 against the City of Stockton or the Stockton Police Department. While being tortured etc, if true, would certainly be violative of § 1983, more facts are necessary to flesh out what is essentially only a conclusion at this point. Moreover, if plaintiff is contesting the lack of probable cause for his arrest, plaintiff must show that his case was dismissed, or that he prevailed at trial, or that an arrest was not permitted for this type of infraction. See generally Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) citing Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). More facts are necessary.

Since there is no respondeat superior liability under § 1983, counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. See Mt Healthy City School Dist Board of Education v. Doyle, 429 US 274, 280 (1977); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." Ortez v. Washington Cty., State of Or., 88 F.3d 804, 811 (9th Cir.1996) (citation and quotations omitted) (alteration in original) "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91.

Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, at 694. A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused

the constitutional violation.  In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if – and only if – the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." Collins v. City of Harker Heights, 503 U.S. 115, 123-124, 112 S. Ct. 1061 (1992) (fn. omitted), citing in Canton v. Harris, 489 U.S. 378, 387, 388, 109 S.Ct. 1197 (1989).

Again, plaintiff offers only the barest of conclusions that a policy existed to cause all that befell plaintiff on the day of his arrest.  If plaintiff amends his complaint, defendants City of Stockton and Stockton Police Department will be dismissed for any alleged violation of § 1983 unless he can allege a policy or practice according to the guidelines set forth above.

Plaintiff also alleges claims under the American With Disabilities Act.  The Act states in pertinent part: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. S 12132.  To allege a prima facie case under the ADA, plaintiff must allege (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability. Lovell v. Chandler,  303 F.3d 1039, 1052 (9th Cir. 2002); see also Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1995).  Plaintiff also must allege such discrimination was intentional.  See Duvall v. County of Kitsap, 260 F.3d 1124, 1138-40 (9th Cir. 2001) (to establish ADA claim, plaintiff must show he suffered intentional discrimination due to a disability).

Here, plaintiff has alleged only that "defendants conspired to and/or did intentionally violate plaintiff's rights under the American Disabilities Act [sic], Title II." (Compl. at ¶ 14.)   Plaintiff has failed to allege the proper elements as outlined above, to state a prima facie case.  On amendment, plaintiff shall cure these defects.

Furthermore, Title II of the ADA only applies to public entities, and not private

4

1  parties. Juarez v. Heyne, 2010 WL 3502535 at *2 (E.D. Cal. 2010); Edison v. Douberly, 604

2  F.3d 1307, 1310 (11th Cir. 2010). Although cities and police departments may be proper

3  defendants under the ADA, individuals are not proper parties. Thomas v. Mar, 2010 WL

4  2954131 at *5 (D. Nev. 2010); Butler v. City of Prairie Village, Kan., 172 F.3d 736 (10th Cir.

5  1999). Therefore, plaintiff shall not allege ADA violations against individual defendants Brown

6  and Otten or these claims will be dismissed.

7         The complaint also contains claims which are not linked to any particular

8  defendant. Plaintiff has not alleged who tortured and abused him at the jail, and who denied him

9  medical attention. (Compl. at 4.) On amendment, plaintiff shall name the defendant(s)

10 responsible for these claims or they will be dismissed.

11        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

12 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

13 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

14 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

15 there is some affirmative link or connection between a defendant's actions and the claimed

16 deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

17 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

18 vague and conclusory allegations of official participation in civil rights violations are not

19 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

21 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

22 amended complaint be complete in itself without reference to any prior pleading. This is

23 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

24 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

25 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

26 original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: October 7, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076/Reyes1776.amd.wpd